IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIM ANDERSEN, ) | |
| ) | |
| Plaintiff, ) | 8:04CV637 |
| ) | |
| v. ) | |
| ) | |
| OMAHA POLICE DEPARTMENT, and ) | MEMORANDUM AND ORDER |
| THOMAS WARREN SR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on defendants' motion for summary judgment. Filing No. 19. The plaintiff filed this action alleging that defendants violated his First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. Plaintiff requested injunctive relief, declaratory judgment and costs and attorney fees. The court has carefully reviewed the record, briefs in support and in opposition, indices of evidence, and the relevant case law and concludes that the motion should be denied.

      The plaintiff in this case is the president of the Omaha Police Union. During a police union meeting on December 14, 2004, plaintiff spoke to the membership about the way the police department computes response times and the location of officers responding to calls who are waiting for police backup. The content of plaintiff's speech at the union meeting is at issue in this lawsuit. Plaintiff contends that everything he said is protected by the First Amendment. However, defendants contend plaintiff advocated that officers should violate current policies and procedures with regard to waiting for back-up officers to reach the appropriate location. Thereafter, Chief of Police Thomas Warren ("Chief Warren") initiated

an internal investigation to determine the appropriateness of the comments made by the plaintiff.[1]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The movant bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. *Id.* Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. *Id.* To successfully oppose the motion for summary judgment, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.*

Upon reviewing the record, the court concludes that there are material facts in controversy in this case. The content of the December 14, 2004, discussion is in dispute.

---

[1] Chief Warren became aware of the comments made by plaintiff when contacted by the Mayor's Chief of Staff Paul Landow. According to the defendants, Mr. Landow had received several phone calls about plaintiff's comments at the union meeting.

Officer Chris Circo stated in his affidavit that plaintiff did not at any time instruct the union members to disobey department policy. Filing No. 36, Affidavit of Circo at ¶ 3. Also, an issue exists as to whether the statement about response location, if made by plaintiff, would have in fact violated standard operating policies of the police department. Lieutenant Schindler has testified through deposition that there is no standard operating procedure pertaining to this issue and that police officer training is contrary to Chief Warren's assertions. Mary Schindler Depos, 5:6-6:18.

Part of the problem with this motion is that the parties privately agreed not to pursue the internal police investigation until this lawsuit is decided, although on January 11, 2004, the plaintiff commenced discovery. This court is faced with a dilemma. Because of the conflicting evidence, the court cannot rule on the merits of the First and Fourteenth Amendment claims unless the parties have fully conducted discovery and are ready to present the case to the court. In addition, the plaintiff has not pursued his initial request for a preliminary injunction and in fact states in his brief that he does not intend to request a preliminary injunction at this time. Consequently, nothing is before the court with regard to a temporary injunction and the parties are not ready to have the case decided on its merits. What has really occurred is that the parties are getting into the merits of the case, but discovery has not been completed.

Consequently, the court shall not (1) grant the summary judgment nor (2) grant a preliminary injunction halting the investigation of the plaintiff. The City shall continue to pursue its internal investigation[2] and the parties shall continue to pursue discovery, as

---

[2]The court is of the opinion that Chief Warren is absolutely entitled to pursue his internal investigation of the facts of this case. Thereafter, plaintiff would be entitled to pursue any legal claims it might have against the City, if the City has violated his constitutional rights.

3

there is no way the court can rule on the merits absent the appropriate discovery. The motion for summary judgment shall be denied and the case shall proceed with discovery.

THEREFORE, IT IS ORDERED that defendants' motion for summary judgment, Filing No. 19, is denied as set forth herein. The parties shall proceed with the investigation and discovery of this case.

DATED this 8th day of June, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge